O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| HECTOR ZAMORA and HORACIO ZAMORA,<br><br>                Plaintiffs,<br>    v.<br><br>ZUNI SOLAR; and DOES 1–10, inclusive.<br><br>                Defendants. | Case No.: 2:16-cv-01260-ODW-KS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [13]** |

## I. INTRODUCTION

Plaintiffs Hector Zamora and Horacio Zamora (collectively "Plaintiffs") bring suit against Defendant Zuni Solar and allege that the company breached a land use contract when it failed to obtain the necessary permiting for a solar energy venture. Defendant now moves to dismiss Plaintiffs' action for failing to state a claim. (Mot. to Dismiss First Am. Compl. ("Mot."), ECF No. 13.) For the reasons discussed below, the Court **GRANTS** the Motion **WITH PREJUDICE**.

## II. FACTUAL BACKGROUND

Plaintiffs are California citizens and co-owners and joint tenants of a vacant property located in Apple Valley. (First Am. Compl. ("FAC") ¶¶ 1, 6, Ex. 1, ECF No. 11.) Defendant, a business entity engaged in the development of solar energy, is

incorporated in Delaware. (Id. ¶¶ 2, 6.) On or about March 9, 2011, Plaintiffs and Belectric, Inc.,[1] a California-based solar energy company, entered into a Site Lease Option and Easement Agreement ("Agreement") for a twenty-year lease of Plaintiffs' vacant property. (Id. ¶¶ 5, 6, Ex. 1.) The agreement called for Belectric to use the vacant property for the purpose of generating solar power in exchange for $27,500 in annual rent and, notably, included a cancellation clause if Belectric was unable to obtain the required permits from Apple Valley to build the intended solar power facilities.[2] (Id. ¶ 6.) However, pursuant to its rights under the Agreement, Belectric assigned the remainder of its interest in the Agreement to Defendant sometime in 2013. (Id. ¶ 5.) Over the next two years, Plaintiffs and Defendant performed the terms of the Agreement in the manner specified by the contract. (Id. ¶¶ 16, 29.) Defendant hired a contractor and began to pursue the requisite permits. (Id. ¶ 27–28, Ex. 3.) However, on or about June 16, 2015, Defendant gave written notice to Plaintiffs that it had been unable to obtain the requisite building permits for the planned solar facility, and was thus terminating the Agreement. (Id. ¶ 9, Ex. 2.) Plaintiffs allege that Defendant acted in bad faith by not diligently pursuing the requisite building permits, and that Defendant used its failure as a pretext for terminating the Agreement after its contractor missed a deadline and the bargain was no longer economically viable. (Id. ¶¶ 10, 17, 22–23, 27–28.)

On January 22, 2016, Plaintiffs filed suit against Defendant in California Superior Court, Los Angeles County (Notice of Removal ("Not.") ¶ 1, ECF No. 1.) On February 24, 2016, Defendant removed the case to this Court under U.S.C. § 1332. (Not.) On March 2, 2016, Defendant moved to dismiss Plaintiff's Complaint (Def.'s Mot. to Dismiss Pl.'s Original Compl., ECF No. 8.)

On March 18, 2016, Plaintiffs filed their First Amended Complaint, again seeking relief for breach of contract, breach of the Covenant of Good Faith and Fair

---

[1] Belectric is not a party to this suit.

[2] Section 11(a)(iv) of the Agreement also allows for termination of the lease "if Tenant determines that the Premises are not appropriate for its operations for economic or technological reasons."

Dealing, as well as Declaratory Relief, and Contractual Indemnification. (FAC.) On April 1, 2016, Defendant moved to dismiss Plaintiffs' FAC. (Mot., ECF Nos. 13–14.[3]) A timely opposition and reply were filed. (Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Opp'n"), ECF No. 15; (Def.'s Reply to Pl.'s Opp'n ("Reply"), ECF No. 16.) After a hearing on the Motion, this Court issued an Order to Show Cause regarding any current litigation against Defendant's contractors and asked whether this case should be stayed pending resolution of the contractor litigation. (Order to Show Cause Re: Pending Litigation ("OSC"), ECF No. 19.) Timely responses to the OSC were filed by both Plaintiffs and Defendant. (Def.'s Resp. to Order ("Resp."), ECF No. 20; Pl.'s Br. In Supp. of Stay, ECF No. 22.)[4] Defendant's Motion to Dismiss the FAC is now before the court for consideration.

---

[3] Defendant's Notice of Motion to Dismiss was filed at ECF No. 13, with the accompanying Memorandum of Points and Authorities filed at ECF No. 14. For ease, the Court will refer to both the Notice and the Memorandum as the "Motion."

[4] Defendant argues this case should not be stayed because the contractor action in New York state court involves different parties, different legal issues, and different factual issues. (Resp. 1.) The Court agrees. On July 27, 2015, Defendant filed a single breach of contract claim against its contractor in New York state court alleging breach of the engineering, procuring, and construction contracts ("EPC Contracts") between Defendant and its contractor. (Resp. 2.) These contracts are not at issue in the case currently at bar. Plaintiffs' current claims all arise out of the Agreement, which has no relation to the EPC Contracts between Defendant and its contractor. Furthermore, Plaintiffs' claims all turn on simple contract interpretation, and Defendant's dealings with other entities does not inform the Court's contract interpretation duties. *See, e.g.*, *United States v. Dahan*, 369 11 F. Supp. 2d 1187, 1192 (C.D. Cal. 2005) ("Since the Court has determined that the language of the contract is clear and unambiguous, interpretation of the contract is a question of law.") Therefore, because the resolution of the New York action would not reduce, eliminate, or simplify the legal or factual issues before the Court, a stay of this case is unwarranted. *See I.K. ex. rel. E.K. v. Sylvan Union Sch. Dist.*, 681 F. Supp. 2d 1179, 1194–95 (E.D. Cal. 2010) (court declines to exercise its discretion to stay the case before it pending the determination of a parallel proceeding where the "difference in the two lawsuits" established that a stay would confer no benefit on the parties or the court). Moreover, the Court's rationale for denying a stay is especially relevant where, as here, any delay of the action would create a risk of prejudice to Defendant. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th. Cir. 1976) (finding that a presumption of injury would arise from any delay in resolving the action). Instead, in considering a stay order, the Court should "balance the length of any stay against the strength of the justification given for it." *Young v. I.N.S.*, 208 21 F.3d 1116, 1119 (9th Cir. 2000). Here, trial in the New York action is not set until early 2017. (Resp. 16.) Therefore, a stay would unnecessarily prejudice Defendant's ability to expeditiously resolve the matter at bar.

### III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2).

For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability. *Id.* Labels, conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d

4

668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

As a general rule, Courts should freely grant leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, a court may deny leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). A denial of leave to amend is proper on a breach of contract claim where an amendment would be futile because the terms of the contract, which are not subject to change, preclude plaintiff's claim. *Ratcliff Architects v. Vanit Constr. Mgmt., Inc.*, 88 Cal. App. 4th 595, 604 (2001).

## IV. DISCUSSION

In its Motion, Defendant argues that 1) a party cannot breach a contract by acting in accordance with its express terms; 2) a claim for breach of the covenant of good faith and fair dealing will not stand when based on conduct expressly permitted by the contract; 3) Plaintiff's declaratory relief claim seeks retrospective relief and is duplicative of the breach of contract claim; and 4) Plaintiffs' contractual indemnification claim is inapplicable to the matter at bar. (Mot. 1–2.) The Court now addresses each argument in turn.

//
//
//
//

### A. Breach of Contract

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). Here, Plaintiffs contend that the Agreement was a contract; that they performed the terms in the manner specified; and that they were ready, willing, and able to complete performance under the contract. (FAC ¶ 11.) They argue that Defendant breached the Agreement when it terminated the contract without adequately pursuing the requisite permits, and that its breach prevented Plaintiffs from realizing the benefit of the bargain and resulted in damages in excess of $550,000 dollars. (*Id.* ¶¶ 10, 12.)

Defendant, in turn, argues that it did not breach the Agreement because the method of its termination was expressly permitted by the contract's terms. (Mot. 6.) The Court agrees with Defendant's plain reading of the Agreement, and joins its sister courts in the California system in holding that a party cannot breach a contract if its method of termination was expressly permitted by the contract's terms. *See Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 375 (1992) ("If defendants were given the right to do what they did by the express provisions of the contract there can be no breach."); *PMC, Inc. v. Porthole Yachts, Ltd.*, 65 Cal. App. 4th 882, 891 (1998) (same); *see also AIG Ret. Servs., Inc. v. Altus Fin. S.A.*, No. CV 05-1035-JFW (CWX), 2006 WL 5971775, at *5 (C.D. Cal. Mar. 1, 2006), *rev'd in part on other grounds*, 365 F. App'x 756 (9th Cir. 2010) ("Neither the MAAF nor CL Defendants can be liable for breach of the express terms of the Agreement, when their conduct was specifically sanctioned by the Agreement. As a result, Plaintiff cannot state a cause of action for breach of the express terms of the Agreement."). Here, the Agreement states that it may be terminated by the Tenant (here, Defendant) without further liability, on thirty days prior written notice to Landlord, "if Tenant does not obtain or maintain any license, permit or other approval necessary for the construction

1 and operation of the Tenant Facilities subsequent to the construction Term
2 Commencement Date." (Agreement, 11(a)(ii).) Therefore, as the tenant, Defendant
3 did not breach the contract; termination upon failure to obtain a license for the
4 construction and operation of the solar power facilities is expressly permitted by the
5 contract.

6 The plain language of the contract notwithstanding, Plaintiffs argue that
7 Defendant breached the Agreement when Defendant cancelled its otherwise
8 successful application for the necessary building permits. (Opp'n 6.) According to
9 Plaintiffs, a *fair* interpretation of the contract would require Defendant to make all
10 good faith efforts to obtain the necessary permits before terminating. (*Id.*) However,
11 Plaintiffs assertion is irrelevant, as California "has adopted the objective theory of
12 contracts. Under this theory, [i]t is the objective intent, as evidenced by the words of
13 the contract rather than the subjective intent of one of the parties, that controls
14 interpretation. One party's subjective and undisclosed intent is simply irrelevant to
15 contract interpretation." *Headlands Reserve, LLC v. Ctr. For Nat. Lands Mgmt.*, 523
16 F. Supp. 2d 1113, 1128 (C.D. Cal. 2007) (internal citations and quotation marks
17 omitted); *see also Block v. eBay, Inc.*, 747 F.3d 1135, 1138 (9th Cir. 2014) ("If a
18 contract is reduced to writing, the intention of the parties is to be ascertained from the
19 writing alone, the words being interpreted in their ordinary and popular sense,
20 provided that the language is clear and explicit, and does not involve an absurdity.")
21 (internal citations and quotation marks omitted); *Lightbourne v. Printroom Inc.*, 122
22 F. Supp. 3d 942, 948 (C.D. Cal. 2015) ("Faced with this clear and unambiguous
23 contractual language, its interpretation is a question of law, and Lightbourne's internal
24 understanding-to the extent it differs-is irrelevant.").

25 Here, the Agreement states in relevant part that it may be terminated if tenant
26 "does not obtain or maintain any license, permit or other approval necessary for the
27 construction and operation of the Tenant Facilities [for the proposed solar energy
28 project] subsequent to the Construction Term Commencement Date." (Agreement,

11(a)(ii).) The contract does not impose a good faith requirement or even require the tenant to submit the permitting paperwork. The objective intent is clear: without a permit in hand, the tenant may terminate the Agreement for any reason. Plaintiffs' subjective wish that Defendant pursue all permiting with zeal is irrelevant to the contract's interpretation, and therefore Plaintiffs have failed to state a claim for breach. The Court thus **GRANTS** Defendant's Motion with respect to Plaintiffs' breach of contract claim.

### B. Breach of the Covenant of Good Faith and Fair Dealing

Similarly, Plaintiffs also allege that Defendant breached the covenant of good faith and fair dealing when it failed to exercise due diligence in obtaining the requisite building permits. (FAC ¶ 17.) However, under California law "one cannot invoke the covenant [of good faith and fair dealing] to prohibit conduct that a contract expressly allows." *21st Century Ins. Co. v. Super. Ct.*, 47 Cal. 4th 511, 526–27 (2009); *see also Fru-Con Constr. Corp. v. Sacramento Muni. Util. Dist.*, No. CIV. S-05-583, 2008 WL 877970, at *12 n.9 (E.D. Cal. Mar. 28, 2008) (explaining that "[u]nder California law, a party does not breach the duty of good faith and fair dealing by invoking an express contractual right.").

The Court's discussion of the Agreement's language, *infra*, is instructive. The contract expressly allowed for its termination upon a tenant's failure to obtain the necessary permits. Accordingly, Defendant did not breach the covenant of good faith and fair dealing when it terminated the Agreement.[5] The Court therefore **GRANTS**

---

[5] Defendant also argues that this claim should be dismissed because it is almost identical to its breach of contract claim. (Mot. 12.) The Court agrees. Under California law, a claim for breach of the implied covenant of good faith and fair dealing should be dismissed when it is entirely duplicative of a breach of contract claim. *See e.g.*, *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 327 (2000) (holding that "where breach of an actual [contract] is alleged, a separate implied covenant claim, based on the same breach, is superfluous). Here, Plaintiffs' allegations concerning Plaintiffs' breach of contract and breach of covenant of good faith and fair dealing claims are almost identical. Compare FAC ¶ 10 ("Upon information and belief, the Defendant did not have proper grounds to cancel the contract because the Defendant did not exercise due diligence in obtaining the 'requisite

Defendant's Motion with respect to Plaintiffs' claim for breach of the covenant of good faith and fair dealing.

### C. Declaratory Relief

Plaintiffs next assert a claim for declaratory relief. (FAC ¶ 25.) Defendant, in turn, argues that the claim should be denied, as it is both duplicative of the breach of contract claim and seeking redress for past wrongs as opposed to future ones. (Mot. 13.) The Court agrees with Defendant on both counts.

Declaratory relief is designed to resolve uncertainties or disputes that may result in future litigation. U.S.C. § 2201. It operates prospectively, and is not intended to redress past wrongs. *See United States v. Wash.*, 759 F.2d 1353, 1356–57 (9th Cir. 1985) (en banc) ("Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."). While it is true that "the fact the same issue of contract interpretation is also raised in other causes of action does not in itself bar declaratory relief," *S. Cal. Edison Co. v. Super. Ct.*, 37 Cal App. 4th 839, 847 (1995), "the availability of other adequate remedies may make declaratory relief inappropriate." *StreamCast Networks, Inc. v. IBIS LLC*, No. CV 05-04239, 2006 WL 5720345, at *4 (C.D. Cal. May 2, 2006). As such, courts have found that where "'a breach of contract claim resolved all questions regarding contract interpretation, [it renders] declaratory judgment 'duplicative.'" *United Safeguard Distrib.'s Ass'n, Inc. v. Safegaurd Bus. Sys., Inc.*, No. CV 15-3998, 2015 WL 7259724, at *20 (C.D. Cal. Nov. 17, 2015).

Here, Plaintiffs seek a judicial declaration that Defendant unjustifiedly terminated the Agreement. (FAC ¶ 24.) Yet this determination would mirror the

---

building permits.'") and FAC ¶ 17 ("Upon information and belief, the Defendant failed to exercise due diligence in dependently or independently obtaining 'the requisite building permits' that it needed to perform under the contract."). Therefore, Plaintiffs' breach of the implied covenant of good faith and fair dealing is wholly duplicative and should be dismissed.

1 Court's breach analysis above, and is therefore inappropriate. Furthermore, Plaintiffs'
2 declaratory claim seeks relief for the past wrongs related to the contract termination,
3 rather than future harms. Therefore, Defendant **GRANTS** dismissal of Plaintiffs'
4 declaratory relief claim because it is both retrospective and duplicative of the breach
5 of contract claim.

### D. Contractual Indemnification

Finally, Plaintiffs' FAC seeks contractual indemnification. Defendant argues that a contractual indemnification claim is not cognizable where no third party claim has been brought against Plaintiffs. (Mot. 15.) Again, the Court concurs with Defendant's position.

Under California law, "[i]ndemnity is a contract by which one engages to save another from a legal consequence of the conduct of one the parties, or of some other person." Cal. Civ. Code § 2772. "Indemnification agreements ordinarily relate to third-party claims." *Myers Bldg. Indus., Ltd. v. Interface Tech., Inc.*, 13 Cal. App. 4th 949, 969 (1993). There can be no claim for indemnity unless and until the person indemnified "becomes obligated to pay third persons." *Id*.

Here, the Agreement provides that the Landlord and Tenant shall each indemnify the other from any losses arising from "the negligence or willful misconduct of the indemnifying party's agents, employees or contractors in or about or with respect to the use of the Land…." (FAC, Ex. 1 ¶ 15.) Plaintiffs claim that Defendant's contractor negligently missed a critical deadline, which prevented Defendant from performing under the contract and left Plaintiffs without the benefit of their bargain. (FAC ¶¶ 28, 30.) In a similar case, the district court found that plaintiffs failed to state a claim for indemnification. *Sunterra Corp. v. Perini Bldg. Co., Inc.*, No. 2-04-cv-00784-MCE-EFB, 2009 WL 111662, at *2–3 (E.D. Cal. Jan. 13, 2009) (holding that contractual indemnification was inappropriate because injuries suffered by Plaintiffs as a result of a building contractor's liability did not concern

their own liability to a third party). Here, there is no alleged liability to any third party, and thus the contractual indemnification clause does not apply. The Court **GRANTS** Defendant's Motion with respect to Plaintiff's contractual indemnification claim.

### E. Leave to Amend Complaint

Should this Court ultimately dismiss any of Plaintiffs' claims, they request leave to amend any such defects. (Opp'n 11–12.) A denial of leave to amend is proper on a breach of contract claim where amendment would be futile because the terms of the contract, which are not subject to change, preclude plaintiff's claim. *Ratcliff Architects v. Vanit Constr. Mgmt., Inc.*, 88 Cal. App. 4th 595, 604 (2001). Here, the terms of the Agreement are not subject to change, and any amendment would be futile. Therefore, the Court **DENIES** leave to amend.

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss in its entirety. (ECF No. 13.) The Court also discharges its OSC and finds a stay to be unnecessary here. (ECF No. 19.) The Complaint is therefore **DISMISSED WITH PREJUDICE**. The Clerk of Court shall close this case.

IT IS SO ORDERED.

June 27, 2016

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**